IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| WILLIAM JUNKERT, #063546,  )<br>Plaintiff,  )<br>vs.  )<br>  )<br>NAVARRO COUNTY JAIL,  )<br>Defendant.  ) | No. 3:22-CV-2752-S-BH<br><br>Referred to U.S. Magistrate Judge[1] |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Based on the filings and applicable law, the plaintiff's claims should be **DISMISSED with prejudice** for failure to state a claim upon which relief can be granted.

### I. BACKGROUND[2]

William Junkert (Plaintiff), a Texas prisoner,[3] sues Captain Charlie York (Captain York), Corporal Moses, Corporal Turner, Sergeant Maples, and Sergeant Phillips (Defendants), in their official capacities only, for failing to keep him safe while he was in the Navarro County Jail. (docs. 5 at 3-4; 9 at 2-7.) He alleges that as a result of a beating by a fellow inmate on August 21, 2022, he received a black eye. (doc. 9 at 8.) He sustained bruises on his side after he was beaten up by a different inmate on October 20, 2022. (*Id.*) Prior to the beatings, he notified Defendants about being threatened by both inmates and made repeated requests to be moved for his safety, but they either refused or ignored his requests. (*Id.* at 2-7.) He claims that Corporal Moses told him that he did not care if he got beat up and threatened to spray him if he did not return to his tank. (*Id.* at 3, 10.)

Plaintiff alleges that Defendants acted with deliberate indifference to his health and safety

---

[1] By *Special Order No. 3-251*, this *pro se* prisoner case has been automatically referred for judicial screening.

[2] Citations to the record refer to the CM/ECF system page number at the top of each page.

[3] According to the website for the Texas Department of Criminal Justice (TDCJ), Plaintiff was sentenced on February 22, 2023, and is currently incarcerated in the TDCJ Coffield Unit. *See* https://inmate.tdcj.texas.gov/InmateSearch/.

when they refused to move him. (*Id.* at 10.) He seeks monetary damages for his injuries. (*Id.* at 11.) No process has been issued.

## II.  PRELIMINARY SCREENING

Plaintiff, a prisoner incarcerated in the Navarro County Jail when he filed his complaint, has been permitted to proceed *in forma pauperis*. As a prisoner seeking redress from a governmental entity or an officer or employee of a governmental entity, his complaint is subject to preliminary screening under 28 U.S.C. § 1915A. *See Martin v. Scott*, 156 F.3d 578, 579-80 (5th Cir. 1998) (per curium). Because he is proceeding *in forma pauperis*, his complaint his also subject to screening under § 1915(e)(2). Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or of any part of it, if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune.

A claim is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Courts follow the same analysis in determining whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) as when ruling on a motion to dismiss under Rule 12(b)(6). *See Hale v. King*, 642 F.3d 492, 497 (5th Cir. 2011) (per curiam). A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Neither mere "labels and conclusions" nor "a formulaic recitation of the elements of a cause of action" suffice to state a claim upon which relief may be granted. *Id.*

## III.  SECTION 1983

Because Plaintiff is suing state actors for alleged violations of his constitutional rights, his

claims arise under 42 U.S.C. § 1983. Section 1983 "provides a federal cause of action for the deprivation, under color of law, of a citizen's 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Livadas v. Bradshaw*, 512 U.S. 107, 132 (1994). It "afford[s] redress for violations of federal statutes, as well as constitutional norms." *Id.* To state a claim under § 1983, a plaintiff must allege facts that show (1) he has been deprived of a right secured by the Constitution and laws of the United States; and (2) the deprivation occurred under color of state law. *See Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978); *Cornish v. Corr. Servs. Corp.*, 402 F.3d 545, 549 (5th Cir. 2005).

A.  **Official Capacity Claims**

Plaintiff expressly sues Defendants in their official capacities only. (*See* doc. 9 at 2-7.)[4]

An official capacity claim is merely another way of pleading an action against the entity of which the individual defendant is an agent. *See Kentucky v. Graham*, 473 U.S. 159, 165 (1985). Plaintiff's official capacity claims against Defendants are therefore essentially claims against their government employer, Navarro County, Texas (County). *See id.*; *Bumfield v. Hollins*, 551 F.3d 322, 331 n.9 (5th Cir. 2008).

Municipalities, including counties, may be held liable under § 1983. *Hampton Co. Nat'l Sur., LLC v. Tunica Cty.*, 543 F.3d 221, 224 (5th Cir. 2008). A municipality may be liable under § 1983 if the execution of one of its customs or policies deprives a plaintiff of his or her constitutional rights. *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 690-91 (1978). It is well-settled that a municipality cannot be liable under a theory of *respondeat superior*, however. *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001) (citing cases). "Under the decisions of the Supreme

---

[4] Plaintiff's answers to a magistrate judge's questionnaire constitute an amendment to his complaint. *See Macias v. Raul A. (Unknown), Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

Court and [the Fifth Circuit], municipal liability under [§] 1983 requires proof of three elements: a policy maker; an official policy; and a violation of constitutional rights whose 'moving force' is the policy or custom." *Id.* (citing *Monell*, 436 U.S. at 694); *see also Valle v. City of Houston*, 613 F.3d 536, 541-42 (5th Cir. 2010); *Cox v. City of Dallas*, 430 F.3d 734, 748 (5th Cir. 2005). Official municipal policy includes the decisions of the government's lawmakers, the acts of its policymaking officials, and practices so persistent and widespread as to practically have the force of law. *Monell*, 436 U.S. at 691-95. "Official policy" is defined as:

1. A policy statement, ordinance, regulation, or decision that is officially adopted and promulgated by the municipality's lawmaking officers or by an official to whom the lawmakers have delegated policy-making authority; or

2. A persistent, widespread practice of city officials or employees, which, although not authorized by officially adopted and promulgated policy, is so common and well settled as to constitute a custom that fairly represents municipal policy. Actual or constructive knowledge of such custom must be attributable to the governing body of the municipality or to an official to whom that body has delegated policy-making authority. Actions of officers or employees of a municipality do not render the municipality liable under § 1983 unless they execute official policy as above defined.

*Webster v. City of Houston*, 735 F.2d 838, 841 (5th Cir. 1984) (per curiam); *accord Pineda v. City of Houston*, 291 F.3d 325, 328 (5th Cir. 2002).

"The description of a policy or custom and its relationship to the underlying constitutional violation...cannot be conclusory; it must contain specific facts." *Spiller v. City of Texas City, Police Dept's*, 130 F.3d 162, 167 (5th Cir. 1997) (citing *Fraire v. City of Arlington*, 957 F.2d 1268, 1278 (5th Cir. 1992)); *accord Piotrowski*, 237 F.3d 578-79. "[A] complaint must contain either direct allegations on every material point necessary to sustain recovery...or contain allegations from which an inference fairly may be drawn that evidence on these material points will be introduced at trial." *Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir. 1995) (citation omitted).

**B.       Episodic-Acts-or-Omissions**

"When attributing violations of pretrial detainees' rights to municipalities, the cause of those violations is characterized either as a condition of confinement or as an episodic act or omission." *Garza v. City of Donna*, 922 F.3d 626, 632 (5th Cir. 2019) (citing *Hare v. City of Corinth, Miss.*, 74 F.3d 633, 644 (5th Cir. 1996) (en banc)).[5] Condition of confinement cases are attacks on "general conditions, practices, rules, or restrictions of pretrial confinement." *Hare*, 74 F.3d at 644. "Prior conditions cases have concerned durable restraints or impositions on inmates' lives like overcrowding, deprivation of phone or mail privileges, the use of disciplinary segregation, or excessive heat." *Garza*, 922 F.3d 626, 633-34 (5th Cir. 2019). Episodic-acts-or-omissions cases, on the other hand, seek to redress harms arising from the "particular act or omission of one or more officials," rather than harms that result directly from an unconstitutional policy, practice, or rule of the institution. *Id.* at 632 (quoting *Scott v. Moore*, 114 F.3d 51, 53 (5th Cir. 1997) (en banc)). "In an 'episodic act or omission' case, an actor usually is interposed between the detainee and the municipality, such that the detainee complains first of a particular act of, or omission by, the actor and then points derivatively to a policy, custom, or rule (or lack thereof) of the municipality that permitted or caused the act or omission." *Scott*, 114 F.3d at 53.

Here, Plaintiff alleges that Defendants were deliberately indifferent to his health and safety when they ignored or rejected his requests to move prior to the beatings by his fellow inmates. (*See* doc. 9 at 2-10.) Because he complains of a particular act or omission by Defendants, he presents an episodic act or omission claim. *See Shepherd v. Dallas Cty.*, 591 F.3d 445, 452 (5th Cir. 2009)

---

[5] While "[t]he standard is the same as that for a prisoner under the Eighth Amendment," § 1983 claims brought on behalf of pretrial detainees invoke the protections of the Fourteenth Amendment. *Cadena v. El Paso Cnty.*, 946 F.3d 717, 727 (5th Cir. 2020). Thus, to the extent that Plaintiff brings seperate Eighth Amendment claims, they should be dismissed.

(collecting episodic act or omission cases in which plaintiff did not suffer from an alleged unlawful condition but from an individual's specific acts, and distinguishing them from a confinement claim).

"To establish municipal liability in an episodic-act case, a plaintiff must show '(1) that the municipal employee violated the pretrial detainee's clearly established constitutional rights with subjective deliberate indifference; and (2) that this violation resulted from a municipal policy or custom adopted and maintained with objective deliberate indifference.'" *Garza*, 922 F.3d at 634 (quoting *Brumfield v. Hollins*, 551 F.3d 322, 331 (5th Cir. 2008)). The requirement of subjective deliberate indifference in the first element "means that 'the official had subjective knowledge of a substantial risk of serious harm to a pretrial detainee but responded with deliberate indifference to that risk.'" *Olabisiomotosho*, 185 F.3d at 526 (citing *Hare*, 74 F.3d at 650). The applicable *mens rea* of deliberate indifference demands subjective knowledge of a substantial health risk. *See Gobert v. Caldwell*, 463 F.3d 339, 348 (5th Cir. 2006) (citing *Farmer*, 511 U.S. at 847).

As for the second requirement that the violation "resulted from a municipal policy or custom adopted and maintained with objective deliberate indifference," a policy or custom may be attributed to a municipal defendant through the identification of a final policymaking authority. *See Bd. of Cnty. Comm'rs of Bryan Cnty., Okla. v. Brown*, 520 U.S. 397, 407 (1997); *City of St. Louis v. Praprotnik*, 485 U.S. 112, 123 (1988). Identification of an official as a final policy making authority is a question of state and local law. *Praprotnik*, 485 U.S. at 124. Generally, county sheriffs are final policymakers in matters of county prisons. *See, e.g.*, *Baughman v. Garcia*, 254 F.Supp.3d 848, 887 (S.D. Tex. 2017) (citing TEX. LOC. GOV'T CODE §§ 351.041(a)-(b)). As discussed, a plaintiff must show a policy or custom that was the moving force for the episodic acts or omissions of the jail employees, which can take the "form of written policy statements, ordinances, or regulations" or

6

"a widespread practice that is 'so common and well-settled as to constitute a custom that fairly represents municipal policy.'" *James v. Harris Cnty.*, 577 F.3d 612, 617 (5th Cir. 2009) (quoting *Piotrowski*, 237 F.3d at 579). It can also be a decision to adopt a course of action to handle a particular situation, if made by an authorized decisionmaker. *Pembaur v. City of Cincinnati*, 475 U.S. 469, 480-81 (1986). Finally, unlike the subjective deliberate indifference standard applied to the conduct of the individual officers, "[t]he objective deliberate indifference standard 'considers not only what the policymaker actually knew, but what he should have known, given the facts and circumstances surrounding the official policy and its impact on the [pretrial detainee's] rights.'" *Brumfield*, 551 F.3d at 331 (alteration in original) (quoting *Lawson v. Dallas Cnty.*, 286 F.3d 257, 264 (5th Cir. 2002)).

Plaintiff does not allege that a specific policy was officially adopted and promulgated by County's lawmaking officers or by an official who had been delegated law-making authority. He also has not pleaded facts showing that any policy or persistent and widespread practice caused a violation of his constitutional rights. In addition, he alleges no more than two isolated incidents. "Isolated violations are not the persistent, often repeated constant violations that constitute custom and policy as required for municipal section 1983 liability." *Campbell v. City of San Antonio*, 43 F.3d 973, 977 (5th Cir. 1995) (citation and internal quotations omitted); *see also Bazan v. Whitfeld*, No. 5:15-CV-185-BQ, 2017 WL 568863, at *3 (N.D. Tex. Jan. 13, 2017), *adopted by* No. 5:15-CV-185-C, 2017 WL 564673 (N.D. Tex. Feb. 10, 2017) (finding allegations of two isolated incidents were insufficient to establish a municipal policy or custom).

Plaintiff has failed to state a viable claim against County, and his official capacity claims against Defendants should be dismissed.

### IV. OPPORTUNITY TO AMEND

The Fifth Circuit is inclined to give *pro se* plaintiffs several opportunities to state a claim upon which relief can be granted. *See Scott v. Brynes*, No. 3:07-CV-1975-D, 2008 WL 398314, at *1 (N.D. Tex. Feb. 13, 2008); *Sims v. Tester*, No. 3:00-CV-0863-D, 2001 WL 627600, at *2 (N.D. Tex. Feb. 13, 2001). Courts therefore typically allow *pro se* plaintiffs an opportunity to amend their complaints when the action is to be dismissed pursuant to a court order. *See Robinette v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, No. 3:96-CV-2923-D, 2004 WL 789870, at *2 (N.D. Tex. Apr. 12, 2004); *Sims*, 2001 WL 627600, at *2.

Leave to amend is not necessary, however, where the plaintiff has already plead his best case. *See Wiggins v. La. State Univ.-Health Care Servs. Div.*, 710 F. App'x 625, 627 (5th Cir. 2017) (per curiam) (citations omitted). A verified questionnaire response allows a plaintiff to plead his or her best case and is a valid way for a *pro se* litigant to amend his complaint. *See Nixon v. Abbott*, 589 F. App'x 279 (5th Cir. 2015) (per curiam) ("Contrary to Nixon's argument, he was given the opportunity to amend his complaint in his responses to the magistrate judge's questionnaire, which has been recognized as an acceptable method for a *pro se* litigant to develop the factual basis for his complaint."). Here, Plaintiff amended his complaint once as a matter of right and has responded to a detailed questionnaire. Because he has had ample opportunity to plead his best case, further leave to amend is not warranted.

### V. RECOMMENDATION

Plaintiff's claims should be **DISMISSED with prejudice** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915A and 1915(e)(2)(B).

**SO RECOMMENDED** on this 23rd day of October, 2023.

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE